**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN RECIMOS OSLA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-71869

Agency No. A072-996-271

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Juan Recimos Osla, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The agency did not err in finding that Recimos Osla failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (men in Guatemala resisting gang violence is not a particular social group).

Substantial evidence supports the agency's determination that Recimos Osla otherwise failed to demonstrate that the harm he fears in Guatemala would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by

theft or random violence by gang members bears no nexus to a protected ground"). Thus, Recimos Osla's withholding of removal claim fails.

In light of this disposition, we do not reach Recimos Osla's remaining contentions regarding the merits of his withholding of removal claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

In denying CAT, the agency determined that Recimos Osla failed to establish government acquiescence. Substantial evidence does not support that finding. *See* 8 C.F.R. § 1208.18(a)(1), (7); *see also Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) ("It is sufficient that the public official be aware that torture of the sort feared by the applicant occurs and remain willfully blind to it."). Apart from this finding, it is unclear why the BIA denied Recimos Osla's CAT claim. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA must provide a reasoned explanation for its actions). Thus, we grant the petition for review and remand Recimos Osla's CAT claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government must bear the costs for this petition for review.

14-71869

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**